UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-759-SDD-RLB** |
| **SAFECO INSURANCE COMPANY OF OREGEON, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 3, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-759-SDD-RLB** |
| **SAFECO INSURANCE COMPANY OF OREGEON, ET AL.** | |

## REPORT AND RECOMMENDATION

The Complaint in this matter was filed on October 7, 2022. (R. Doc. 1). On March 28, 2023, R. William Huye, III, ("Huye"),[1] attorney for Cynthia Wright ("Plaintiff"), filed a Motion to Withdraw as Counsel of Record "on the grounds that the Louisiana Supreme Court issued an Order, which was effective immediately, suspending [Huye] from the practice of law on an interim basis, pending further orders of the Louisiana Supreme Court." (R. Doc. 18). As a result, the Court entered an Order granting Huye's Motion to Withdraw as Counsel of Record and entered an Order suspending and staying all deadlines and conferences in the captioned matter for 60 days.[2] (R. Docs. 19, 20). Plaintiff's remaining attorneys Claude F. Reynaud, III, Grant P. Gardiner, and Cameron Sean Snowden[3] subsequently filed their own motions to withdraw that were granted on May 22, 2023. (R. Docs. 22, 24, 25, 26).

On June 8, 2023, the Court entered an Order extending the 60-day stay to July 5, 2023. (R. Doc. 27). The purpose of this extension was "to provide sufficient time for the plaintiff[] to obtain new representation or otherwise decide how to proceed[.]" (R. Doc. 27). This Order was

---

[1] Prior to his suspension, Huye managed the law firm of McClenny Moseley & Associates ("MMA").

[2] On March 17, 2023, Huye emailed this Court a spreadsheet detailing the full names, addresses, and contact information of all the MMA clients that have pending litigation in the Middle District of Louisiana. (3:23-mc-00058, R. Docs. 2, 3).

[3] Although previously employed by MMA before Huye's suspension, Claude F. Reynaud, III, Grant P. Gardiner, and Cameron Sean Snowden no longer work for the firm. (R. Docs. 22, 24, 25, 26).

sent to the Plaintiff at her last known address. When no filings were made by the Plaintiff by July 11, 2023, the Court entered an Order setting a telephone conference for July 19, 2023, at 3:30 p.m. before the undersigned. (R. Doc. 28). The Court directed Plaintiff "to participate unless new counsel s[ought] to enroll prior to the conference[,]" and directed that the order setting the conference be sent to Plaintiff's last known address of record at 2532 North Magnolia Drive, Baker, LA 70714. (R. Doc. 28). Plaintiff's address of record is the address alleged in Plaintiff's Complaint and in Huye's Motion to Withdraw as Counsel of Record. (R. Docs. 1, 18).

On June 19, 2023, no attorney was enrolled, and Plaintiff failed to participate in the telephone conference. (R. Doc. 29). Thus, the Court issued an Order for Plaintiff to appear personally before the undersigned Magistrate Judge at the Russell B, Long Federal Building and Courthouse, 777 Florida Street, Courtroom 6, in Baton Rouge, Louisiana, at 9:30 a.m. on September 12, 2023, and "show cause why a recommendation of dismissal should not be issued." (R. Doc. 30). The Court directed the Clerk of Court to serve a copy of the show cause order upon Plaintiff by regular and certified mail return receipt requested at Plaintiff's last known address at 2532 North Magnolia Drive, Baker, LA 70714. This order informed Plaintiff that "[f]ailure to appear may result in sanctions, including dismissal for failure to prosecute." (R. Doc. 30). Notice was sent to Plaintiff by regular and certified mail. The certified mail was returned as unclaimed. (R. Doc. 32). Plaintiff failed to appear in court and show cause why sanctions or a recommendation of dismissal should not be issued for Plaintiff's failure to participate as ordered. (R. Doc. 31).

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2)

establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." If a party or its attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or proceeding in whole or in part[,]" the captioned matter may be dismissed for plaintiff's failures to appear. (R. Docs. 29, 31).

Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order."

As a practical matter, the case cannot proceed against the defendants if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them. Plaintiff has repeatedly failed to respond to Court orders and has failed to prosecute this action.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on October 3, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**